**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000160
22-OCT-2025
07:48 AM
Dkt. 56 SO**

NO. CAAP-23-0000160


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


PALEHUA COMMUNITY ASSOCIATION, by and through its
Board of Directors, Plaintiff-Appellee,
v.
CORA CHARLOTTE LINDEN KELLY, Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC111001958)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Cora Charlotte Linden Kelly

(**Kelly**) appeals from the Circuit Court of the First Circuit's

(**circuit court**) "Order Granting Plaintiff[-Appellee] Palehua

Community Association's [(**Palehua**)] Motion to Release

Supersedeas Bond" (**Bond Order**), filed on June 8, 2022, and

"Order Denying [Kelly's] Motion for Reconsideration of Order

Granting [Palehua's] Motion to Release Supersedeas Bond", filed on February 16, 2023.[1]

This appeal arises out of Kelly's posting of a supersedeas bond in the amount of $30,303.55 (the **Bond**), on February 27, 2018, and the circuit court's release of the Bond to Palehua on June 8, 2022, with instructions that Palehua "shall first apply the Bond to satisfy the February 16, 2016 Judgment [(**underlying judgment**)], then post-judgment interest, and then to satisfy the Intermediate Court of Appeals' [(**ICA**)] July 31, 2019 Judgment on Appeal."

Kelly raises four points of error on appeal, contending that the circuit court erred in: (1) "granting [Palehua's] Motion to Release [the Bond] to [Palehua], as opposed to releasing the [B]ond to [Kelly]"; (2) "denying [Kelly's] Motion for Reconsideration"; (3) "permitting [Palehua] to raise and attach alleged additional amounts claimed to be owed by [Kelly] to [Palehua] to be applied to the [Bond] which the [B]ond was not intended to cover"; and (4) "failing to recognize that [Kelly] had already discharged [the underlying judgment], including attorney's fees, pursuant to [Hawaiʻi Rules of Civil Procedure] Rule 60(b)(5)."

---

[1]     The Honorable James H. Ashford presided.

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kelly's points of error, collectively, as follows.

We review the circuit court's release of the Bond to Palehua for abuse of discretion. See Haedge v. Cent. Tex. Cattlemen's Ass'n, 603 S.W.3d 824, 827 (Tex. 2020) ("Appellate review of the calculation of the amount to be recovered from a supersedeas bond is generally for abuse of discretion.") (citations omitted); BOUG, LLC v. Shenandoah Holdings, LLC, 707 S.W.3d 530, 539 (Ky. Ct. App. 2025) ("Appellate courts review trial courts' decisions on supersedeas bonds for abuse of discretion.") (citation omitted); cf. Kelepolo v. Fernandez, 148 Hawai'i 182, 187, 468 P.3d 196, 201 (2020) ("The amount of a bond or alternative security sufficient to protect the rights of an appellee is committed to the court's sound discretion.") (citation omitted).

Under an abuse of discretion standard, we review the circuit court's factual determinations under the clearly erroneous standard, and the circuit court's legal conclusions under the right/wrong standard. See Off. of Hawaiian Affs. v. State, 110 Hawai'i 338, 351, 133 P.3d 767, 780 (2006).

In 2011, Palehua, a nonprofit corporation and planned community development, filed a complaint alleging Kelly's

failure to maintain her property in violation of its governing documents. In November 2014, the circuit court granted summary judgment in Palehua's favor, and, in February 2016, it entered the underlying judgment which awarded damages to Palehua in the amount of $15,658.76.[2] This amount was awarded to compensate Palehua for $3,361.46 in cleaning expenses, and accrued and anticipated attorneys' fees and costs.

Kelly appealed, but did not immediately move to stay, the underlying judgment. In May 2016, while that appeal was pending, Palehua filed a separate foreclosure action, in case no. 1CC161000948, seeking delinquent community association dues, late fees, attorneys' fees and costs, and "other charges" allegedly incurred by Palehua against Kelly. Palehua represented to the circuit court that the foreclosure action sought, inter alia, "past due amounts assessed for attorneys' fees and costs incurred in the instant action."

In February 2018, Kelly posted the Bond. The Bond was in the amount of $30,303.55, which represented $15,658.76 in principal, $3,131.76 for two years of interest, and $11,513.03 for accrued and anticipated attorneys' fees and costs. The circuit court stayed the underlying judgment upon Kelly's posting of the Bond. At the stay hearing, Palehua's counsel

---

[2]     The Honorable Rhonda A. Nishimura entered the underlying judgment.

4

represented that "the [$]15,000 that [Kelly] seek[s] the stay of, . . . only constitutes a portion of the amount that is the basis for the foreclosure." Counsel explained that, in addition to the underlying judgment, Palehua was seeking to recover "unpaid maintenance fees, late fees, and other legal fees," in the foreclosure action.

It is undisputed that, in addition to posting the Bond, Kelly paid Palehua $27,004.46 in March 2018, and $1,500 in January 2018, for a total of $28,504.46. After Kelly made those payments, Palehua stipulated to the dismissal of its foreclosure action without prejudice.

In November 2018, this court entered a summary disposition order affirming the underlying judgment in case no. CAAP-16-0000134. In July 2019, this court concluded that Palehua was the prevailing party, and awarded Palehua an additional $13,950.78 in appellate attorneys' fees. Palehua moved the circuit court, in March 2022, to release the Bond (**Bond motion**) to Palehua.

Attached to Palehua's Bond motion is a letter, addressed to Kelly, that itemizes the amounts Palehua represented to be "due and owing" as of December 23, 2021: $56,275.18 for attorneys' fees and costs since December 31, 2009; $2,555.00 for late fees/fines accrued since March 31, 2010; $1,408.75 for community association dues accrued since

January 1, 2010; $3,361.46 for general maintenance on May 28, 2015; and $9,094.95 for interest at 10% per annum on the underlying judgment.  Palehua credited Kelly for her two 2018 payments totaling $28,504.46, deducted that amount from Kelly's alleged debt, and calculated Kelly's outstanding balance to be $44,190.88 as of December 23, 2021.

As the Hawaiʻi Supreme Court instructed in Kelepolo, a supersedeas bond is meant to "preserve the status quo" and "protect [the] nonappealing part[y] from any loss that may be incurred as a result of the stay of a judgment."[3]  148 Hawaiʻi at 188, 468 P.3d at 202 (citations omitted).

Kelly contends that the circuit court abused its discretion, given Kelly's 2018 payments totaling $28,504.46, in releasing the $30,303.55 Bond to Palehua.  Palehua contends that it was entitled to the Bond moneys because "as of February 22, 2018, [Kelly] owed [Palehua] $51,300.09," and Kelly was provided

---

[3]     Pursuant to Kelepolo,

> It is well recognized that the purpose of posting a supersedeas bond is to preserve the status quo and protect the appellee's rights during the appeal.  Hence, a supersedeas bond serves as security to protect the appellee from the risk of loss occasioned by the stay of execution should the appellee prevail on appeal.  A court, accordingly, should generally attempt to protect nonappealing parties from any loss that may be incurred as a result of the stay of a judgment when setting a supersedeas bond.

148 Hawaiʻi at 188, 468 P.3d at 202 (cleaned up).

notice "that posting [the Bond] would not cure her account and that additional amounts would still be due and owing." (Emphasis omitted.)

The circuit court, in granting the release of the Bond, explained its ruling as follows,

> There's a supersedeas bond. We've all agreed what that bond secures. If [Palehua] is given that bond and applies it to the wrong thing, **I have [Palehua's counsel] on the record very clearly saying that that would not be right to apply it to anything other than those three items: [the underlying] judgment, interest, and appellate fees.** If [Palehua] goes beyond that, knock yourself out, [Kelly's counsel], and I hope I get to be the judge, because that would be horribly inappropriate. And -- and I'm not suggesting that [Palehua] will, and I'm not threatening [Palehua] if they do, but the three of us have communicated very effectively about what's appropriate and inappropriate use of the supersedeas bond.
>
> **I do know the purpose of the supersedeas bond, I do know that the ICA affirmed the [underlying] judgment, and I also know that the [ICA] made an additional award for appellate fees, therefore, the motion is granted.**
>
> **The amount owed on the [underlying] judgment, plus post judgment interest in my estimation, is roughly $25,328 as of the date of our earlier hearing.** If that -- **if the bond is applied to that amount, then the -- there's roughly $5,000 or less than $5,000 left to be applied to the attorneys' fees by the ICA,** which will leave a shortfall of several thousand dollars still owed. In other words, **the supersedeas bond, it turns out, was not enough.** So, therefore, the supersedeas bond will be released, shall be applied first to the principal amount of the [underlying] judgment, then to post judgment interest. And unless my math is very far off, it can then -- the remainder can then be applied to the ICA's own judgment on attorneys' fees, which will then leave a shortfall.

(Emphasis added.)

The record reflects that Palehua is entitled to the $15,658.76 underlying judgment award, and the $13,950.78 appellate attorneys' fees award, for a total amount of $29,609.54. Palehua may also be entitled to additional post-

judgment interest, and attorneys' fees and costs related to the Bond motion.  But notwithstanding the circuit court's "rough" estimation "as of the date of [an] earlier hearing," the circuit court did not provide an assessment of how much Kelly actually owes Palehua with specific regard to the underlying judgment and related post-judgment interest, attorneys' fees and costs.  It is also unclear from the record whether any portion of the $28,504.46 paid by Kelly to Palehua in 2018 was intended by Kelly, and/or accepted by Palehua, to cover any debt related to the underlying judgment, or whether it was intended and accepted to cover debts that were entirely unrelated to the underlying judgment (e.g., unpaid association fees, and related late fees).[4]

Without an assessment of the total amount owed by Kelly on the underlying judgment (and related post-judgment interest, attorneys' fees, and costs), and a determination by the circuit court as to whether any part of this debt was satisfied through Kelly's 2018 payments of $28,504.46, we are unable to determine whether the circuit court abused its discretion in releasing the entire amount of the Bond to Palehua.  The Bond was meant to preserve the status quo as to the underlying judgment, and should not be released to

---

[4]     Palehua stipulated to dismiss its foreclosure action after Kelly paid the $28,504.46 to Palehua, and it therefore appears that there has not been a judicial determination as to additional amounts owed to Palehua (e.g., delinquent association fees, etc.) that are separate from the underlying judgment.

compensate Palehua for delinquent association fees, late fees, or other debts unrelated to the underlying judgment.

We instruct the circuit court on remand to determine the total amount owed by Kelly on the underlying judgment, post-judgment interest, and attorneys' fees and costs awarded in the underlying action and the appeal. The circuit court is further instructed to determine whether any part of the $28,504.46 Kelly paid to Palehua in 2018 was applied to the underlying judgment, post-judgment interest, or attorneys' fees and costs awarded in the underlying action and the appeal.

In light of our foregoing conclusion, we need not reach the issue of whether the circuit court abused its discretion in denying Kelly's motion for reconsideration.

We vacate the circuit court's Bond Order, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, October 22, 2025.

On the briefs:

Paul V.K. Smith,
for Defendant-Appellant.

Taylor W. Gray,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge